NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANDRA IVETH GONZALEZ DE TORRES; KATLEEN MICHELE TORRES GONZALEZ; KASSY CAMILA TORRES GONZALEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4863

Agency Nos.
A216-183-072
A216-183-073
A216-183-074

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Sandra Iveth Gonzalez de Torres and her two daughters (collectively "Gonzalez de Torres") are natives and citizens of El Salvador. They seek review of the Board of Immigration Appeals' decision affirming the Immigration Judge's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of Gonzalez de Torres' applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review the agency's denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.    For both asylum and withholding of removal, an applicant must show a nexus between the persecution suffered and a statutorily protected characteristic. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). Substantial evidence supports the agency's determination that Gonzalez de Torres failed to establish nexus. And where, as here, the agency concludes that the petitioner has not shown any nexus whatsoever, then the petitioner fails to establish past persecution for both asylum and withholding. *Id.*

Gonzalez de Torres argues that her and her family suffered persecution on account of their membership in a particular social group of "the Torres Family." But the record does not compel the conclusion that the harm they suffered was because of their membership in "the Torres Family" or that their harassers had any particular animus toward them for that reason. *See Rodriguez-Zuniga*, 69 F.4th at 1019 (explaining that the protected characteristic of the victim must have intrinsically motivated the persecutor to harm the victim); *Garcia v. Wilkinson*, 988 F.3d 1136, 1144–45 (9th Cir. 2021) (noting that purely personal retribution does not support a

nexus finding). The agency reasonably determined that Gonzalez de Torres experienced harm motivated by criminality and not based on a protected ground.

Alternatively, the asylum and withholding claims fail because the agency reasonably determined that the Salvadoran police are not unable or unwilling to protect them from harm. When Gonzalez de Torres reported her ex-husband's crime of sexual assault to the police, they responded. Her ex-husband was arrested, charged, and imprisoned. When Gonzalez de Torres was threatened by the gang members to keep her from testifying, the police sent officers to protect her. And the country-conditions evidence indicates that El Salvador is making strides to combat gang activity. All told, the evidence does not compel the conclusion that the Salvadoran government would be unable or unwilling to protect Gonzalez de Torres.

2. Turning to Gonzalez de Torres' CAT claim, her opening brief contains no challenge to the agency's state-action determination, meaning she has forfeited an argument that is dispositive of her CAT claim. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022). But even if the claim was not forfeited—it fails on the merits. Nothing in the record compels the conclusion that the petitioners would be tortured by or with the consent or acquiescence of the Salvadoran government. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (stating "that a general ineffectiveness on the government's part to investigate and prevent crime" does not constitute acquiescence).

**PETITION DENIED.**[1]

---

[1] Gonzalez de Torres' motion to stay removal (Dkt. 2) is denied as moot.

24-4863